Tania L. Whiteleather SBN 141227
Law Offices of Tania L. Whiteleather
5445 E. Del Amo Blvd., Suite 207
Lakewood, CA  90712
562-866-8755    562-866-6875 (facsimile)
tlwhiteleather@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH HENRY, | CASE NO. |
| Plaintiff | COMPLAINT FOR BREACH OF IDEA AGREEMENT AND FOR ENFORCEMENT ENFORCEMENT OF AGREEMENT |
| v. | |
| NAPA VALLEY UNIFIED SCHOOL  DISTRICT, a Local Educational Agency) | |
| Defendant. | |

Plaintiff HANNAH HENRY alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction of this action under 28 U.S.C. § 1331 because it arises under the Individuals with Disabilities Education Act (IDEA) 20 U.S.C. § 1400 et seq.  This is an action for payment to the parent of a student with a disability for the attorney's fees she incurred in an administrative due process hearing held through the California Office of Administrative Hearings ("OAH"), OAH Case No. 2015120812/ 2016010051 and which were to have been paid pursuant to a settlement agreement entered into by the parties.

Jurisdiction is conferred by 28 U.S.C. § 1343.

2.   Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because Plaintiff and Defendant are located in this district and because the claims arose in this district.

3.   Plaintiffs have exhausted their administrative remedies through settlement of OAH Case No. 2015120812/2016010051.

**THE PARTIES**

4.   Plaintiff HANNAH HENRY is the mother of H.T., a minor student with a disability who is eligible for special education services pursuant to the IDEA.

5.   Defendant NAPA VALLEY UNIFIED SCHOOL DISTRICT ("District") is, and at all times herein mentioned was, a school district duly organized and existing under the laws of the State of California as a local educational agency ("LEA").   At all times relevant to this matter, the District has had sole responsibility for the provision of a free and appropriate public education ("FAPE") to H.T., and has had the duty to comply with all mandates of IDEA and with State and federal law.

**COMPLAINT**

6.   On November 18, 2015, the District filed a due process complaint against H.T., alleging that his parent was refusing to consent to its offer of FAPE.

7.   On December 29, 2015, Hannah Henry filed a due process administrative hearing complaint against the Napa Valley Unified School District (hereinafter, "District"). That complaint alleged violations of IDEA and State law

1  that denied her son, H.T., a free and appropriate public

2  education or "FAPE."

3      8.  Plaintiff filed an Amended Complaint on or about

4  February 16, 2016, adding issues which alleged further

5  violations of IDEA and denials of FAPE by the District.

6      9.  The parties met to discuss the pending complaints

7  and, on April 4, 2016, entered into a full and complete

8  settlement of the issues raised by their respective due

9  process complaints.

10     10.  One term of that agreement stated that

11         District agrees to reimburse reasonable
           attorney's fees in an amount not to

12         exceed eighteen thousand dollars ($18,000)
           for attorney fees related to *Napa Valley*

13         *Unified School District v. Parent on*
           *Behalf of Student* and *Parent on Behalf*
           *of Student v. Napa Valley Unified School*

14         *District,* OAH Consolidated Case No. 2016010051.

15     The terms of the settlement agreement called for

16  payment to Plaintiff's attorney "within forty-five (45)

17  days of District's receipt of an itemized statement of

18  attorney's fees and services" from the attorney.  As a

19  condition to payment, Plaintiff was to provide an itemized

20  billing statement of attorney's fees to District.

21     11.  The agreement required that District's Board

22  approve the settlement.  Shortly after the agreement was

23  signed, the District's Board approved the settlement.

24     12.  On April 26, 2016, counsel for Plaintiff sent to

25  District a letter and Billing Statement.  The Billing

26  Statement provided was intentionally "cut off" at the

27  point that the hours and rate totaled $18,000.

28     13.  District did not respond in any way to the letter

3

or Billing Statement provided to District until July 7, 2016, when a District administrator provided a check bearing a date of April 27, 2016 in the amount of $15,200. The administrator, an assistant superintendent, claimed that the reasonable fees to be paid for Plaintiff's services was only $15,200.  In support of his position, he claimed that the rate charged by counsel was too high and that a lower rate, $450 per hour, was "reasonable."  The administrator also rejected the travel expenses charged by counsel, claiming that they should only be billed at one-half the $450 rate he had determined to be a "reasonable" rate.

14.  Plaintiff's counsel wrote to the District superintendent, noting the delay of payment and providing additional pages of her Billing Statement which had been previously intentionally omitted.  The new pages added several hours of attorney time to the prior statement; the total fees under the full statement was 50.65.  Even at the District's $450 rate, the total fees incurred by Plaintiff in relation to the underlying OAH cases was $22,792.50.  Plaintiff's counsel had not included any costs of travel, i.e., airplane and car rental, and also provided those with her complete Billing Statement to the District.

15.  Plaintiff's counsel asked the District and its superintendent to honor the agreement it had signed and to issue the payment due counsel within one week.  By letter provided on July 7, 2016, Plaintiff sought to resolve the issue of remaining attorney's fees prior to filing a

1  complaint.

2     16. As of the date of the filing of this complaint,

3  District has failed to make full payment to Plaintiff

4  for her incurred attorney's fees as agreed to in the

5  April 4, 2016 Settlement and Release Agreement.

6  **FIRST CAUSE OF ACTION**

7  <u>FOR PAYMENT OF PLAINTIFFS' REASONABLE ATTORNEY'S</u>
<u>FEES AS AGREED TO BY THE PARTIES ON APRIL 4, 2016.</u>

8

9     17. Plaintiff incorporates by reference each and

10  every allegation of Paragraphs 1 through 16 of the

11  Complaint as though fully set forth herein.

12     18. Plaintiff has incurred substantial attorney's

13  fees in the underlying IDEA due process matters and,

14  through a written settlement, obtained payment of much of

15  those fees by the District.  The District has rejected the

16  rate requested by Plaintiff's counsel and, instead, has

17  unilaterally determined that $450 per hour is a just and

18  reasonable rate for Plaintiff's counsel.  District has

19  wrongly (and contrary to Ninth Circuit authority)

20  determined that travel expenses are to be paid at one half

21  counsel's "reasonable" rate.

22     19. District has failed to consider the full billing

23  statement provided by counsel after District disputed (and

24  "determined") counsel's customary rate.  Despite having

25  been provided with a full and complete Billing Statement

26  by Plaintiff's counsel, District has failed to pay the

27  full amount of Plaintiff's attorney's fees it agreed to

28  pay on April 4, 2016.

   20. Plaintiffs' attorneys' fees and costs are both

reasonable and within the range of services for the services provided to Plaintiff, whether at her customary rate or at the rate "determined" by District and support a payment of the full amount contemplated by the parties' agreement of April 4, 2016.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. For an order that District has failed to comply with the Settlement and Release Agreement its agent signed on April 4, 2016 and which its Board approved to pay to Plaintiff's counsel up to $18,000;

2. That Plaintiff's counsel must be provided with a check for the remaining funds due under the Settlement and Release Agreement within seven business days;

3. For payment of Plaintiff's reasonable attorney's fees and costs for the prosecution of this matter;

4. For such further and additional relief as the Court may deem just and proper.

Dated: July 15, 2016

By: *Tania L. Whiteleather*
     TANIA L. WHITELEATHER
     Attorney for Plaintiff