UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH HENRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NAPA VALLEY UNIFIED,<br><br>　　　　Defendant. | Case No. 16-cv-04021-MEJ<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

## INTRODUCTION

Pending before the Court is Napa Valley United School District's (the "District") Motion to Dismiss Plaintiff Hannah Henry's ("Plaintiff") First Amended Complaint ("FAC"; Dkt. No. 17) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Rule 12(b)(1). Mot., Dkt. No. 21-1.[1] Plaintiff filed an Opposition (Dkt. No. 26), and the District filed a Reply (Dkt. No. 29). The Court previously vacated the hearing and took the matter under submission. Dkt. No. 32. Having considered the parties' positions, the record in this case, and the relevant legal authority, the Court **GRANTS** the District's Motion as set forth below.

## BACKGROUND

On April 4, 2016, the parties entered into a settlement agreement of a pending due process case, Office of Administrative Hearings Case No. 2016010051. FAC ¶¶ 10-11. During the 2015-2016 school year, the District had filed a due process complaint against Plaintiff's child, a minor

---

[1] The District filed its memorandum of points and authorities in a separate document and docket number (Dkt. No. 21-1) from its Motion (Dkt. No. 21). Civil Local Rule 7-2(b) requires parties submit "[i]n one filed document" both their motion, notice of motion, and memorandum of points and authorities. Consequently, for purposes of this Order, where the Court cites to the District's Motion, it is referring to its memorandum of points and authorities in Dkt. No. 21-1.

student with a disability. FAC ¶ 7. The District alleged Plaintiff was refusing to consent to the District's offer of a free and appropriate public education for her child pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§1400, et seq. Plaintiff also had filed a due process complaint against the District, alleging violations of the IDEA and its corresponding provisions in the Education Code. FAC ¶ 8. The parties' Settlement Agreement contains the following language:

> [Paragraph] G. District agrees to reimburse reasonable attorney's fees in an amount not to exceed eighteen thousand dollars ($18,000) for attorney fees related to Napa Valley Unified School District v. Parent on Behalf of Student and Parent on Behalf of Student v. Napa Valley Unified School District, OAH Consolidated Case No. 2016010051. Payment shall be made after execution of this Agreement and Board approval and within forty-five (45) business days of receipt of an itemized statement of attorney's fees and services from Tania L. Whiteleather.

FAC ¶¶ 11, 14; Burkhart Decl., Ex. A (Settlement Agreement), Dkt. No. 21-3.[2]

Upon the District Board's approval of the Settlement Agreement on April 8, 2016, Plaintiff's counsel, Tania Whiteleather, immediately presented a Billing Statement to the District, totaling on or around $18,000. FAC ¶¶ 14-15. The District owed payment on these fees by May 23, 2016. *Id.* ¶ 14. However, the District "did not respond in any way to the Billing Statement until July 7, 2016," and then initially paid Ms. Whiteleather $15,210, based on its interpretation of reasonable fees. *Id.* ¶ 15; Burkhart Decl. ¶¶ 2-5. Ms. Whiteleather deposited the payment on July 8, 2016. Burkhart Decl. ¶ 5.

Plaintiff filed her original Complaint on July 15, 2016 alleging a single claim for breach of a settlement agreement between the parties. Dkt. No. 1. On August 26, 2016, Plaintiff's counsel effectuated service of the original Complaint on the District. Dkt. No. 6. In the intervening period, however, the District's counsel wrote to Ms. Whiteleather on July 19, 2016 and agreed to pay the remaining balance of the fees allegedly owed; Ms. Whiteleather received the check on July 22, 2016, and deposited it on August 1, 2016. FAC ¶ 24; Burkhart Decl. ¶¶ 6-7.

On September 16, 2016, the District filed a motion to dismiss the Complaint arguing,

---

[2] An unredacted version of the Settlement Agreement is available at Dkt. No. 22-2. The Court separately granted the motion to seal this document. Dkt. No. 33.

among other things, that the breach of contract claim was moot and that the Court lacked jurisdiction over it.  Dkt. Nos. 8-12.  Rather than filing an opposition, Plaintiff amended her complaint, filing her FAC on October 6, 2016.

The FAC contains three claims: (1) the First Cause of Action is for retaliation under the Americans with Disabilities Act ("ADA"); (2) the Second Cause of Action is for disability discrimination under Section 504 of the Rehabilitation Act; and (3) the Third Cause of Action is again for breach of contract.  Plaintiff alleges she suffered hardship between May 23, 2016, when payment was due, and July 22, 2016, when the District allegedly made full payment.  *See* FAC ¶ 26.  She contends as a result of the District's failure to timely pay the additional $2,790, "Plaintiff was left to pay those amounts on her own."  *Id.* ¶ 21.  She alleges that:

> Plaintiff is responsible to her counsel for the fees for her son's administrative matter, which was brought pursuant to the [IDEA] and which sought reimbursement for services paid for by the parents for their son, an individual with a disability.  The failure of [the District] to comply with the settlement agreement has left Plaintiff in the position of having to apply her son's educational reimbursement funds from [the District] to her attorney's fees, denying her son the benefit of the bargain under that settlement agreement and further denying him payment for the educational services privately provided to him by his parents to address his unique educational needs.

*Id.* ¶ 26.  The Third Cause of Action asserts "Plaintiff's action was filed at a time that Defendant had failed to comply with the terms of the settlement agreement with Plaintiff. Only after a complaint was filed did Defendant issue payment of the remaining fees."  FAC ¶ 44.

Plaintiff now seeks "an order that [the District] failed to comply with the Settlement and Release Agreement its agent signed on April 4, 2016 and which its Board approved to pay Plaintiff's counsel up to $18,000" and "an order that Plaintiff is entitled to payment of her attorney's fees for the enforcement of the settlement agreement, including any related costs for the prosecution of this matter."  *Id.*, Prayer for Relief ¶¶ 1, 3; *id.* ¶ 45 ("Plaintiff now seeks enforcement of the contract allowing for attorney's fees to a prevailing party in an action to enforce that agreement.").

The District moves to dismiss on numerous grounds, including among other things: (1)

3

1  Plaintiff has failed to plead (and cannot plead) that she satisfied the claim presentation requirement
2  for her breach of contract claim as required by California's Government Claims Act; (2) the Court
3  lacks jurisdiction over the Third Cause of Action under the Eleventh Amendment of the United
4  States Constitution; and (3) Plaintiff's ADA and Rehabilitation Act claims are derivative of her
5  breach of contract claim, with no independent jurisdictional hook and with no indication she seeks
6  to enforce rights available under either of these statutes.  *See* Mot.  It further points out that the
7  FAC pleads "the District had reasons for the delay in payment – i.e. that it thought that the
8  attorney's billing rate was unreasonable and that her travel expenses should not be fully
9  reimbursed." Mot. at 16 (citing FAC ¶ 15).  Thus "[o]n the face of the contract, the District was
10 only required to reimburse 'reasonable' attorneys' fees, '[i]n an amount not to exceed eighteen
11 thousand dollars.'" *Id.* (quoting FAC ¶ 11).
12 In her Opposition, Plaintiff concedes she did not comply with the claim presentation
13 requirement under California law.  Opp'n at 4 ("[N]o Government Claim was filed with Defendant
14 prior to the filing of the complaint and FAC.").  She does not address the Eleventh Amendment
15 immunity argument.  As to the ADA and Rehabilitation Act claims, Plaintiff asserts that she
16 challenges "[t]he actions of Defendant, in entering into a settlement of a pending administrative
17 matter and then acting unreasonably and in a manner that would make other parents of children
18 with disabilities reluctant to advocate for their child is a retaliation that violates both Section 504
19 and the ADA."  Opp'n at 7.

## LEGAL STANDARDS

### A. Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).  Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit

for lack of subject matter jurisdiction. A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

**B.     Rule 12(b)(6)**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**ANALYSIS**

The Court first addresses Plaintiff's Breach of Contract claim, then her ADA and Rehabilitation Act claims.

**A.   Breach of Contract Claim**

The Court finds Plaintiff's breach of contract claim must be dismissed for failure to comply with California's claims presentation requirement and because the District has immunity from this claim under the Eleventh Amendment. "State tort claims included in a federal action may proceed only if the claims were first presented . . . in compliance with the claim presentation requirement." *Talib v. Nicholas*, 2015 WL 456546, at *8 (C.D. Cal. Feb. 2, 2015), *appeal dismissed* (Mar. 24, 2015) (citing *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988)); *see also* Cal. Gov't Code §§ 905, 911.2(a), 945.4 (no suit for money or damages may be brought against a public entity unless and until a timely claim has been presented to the entity, and the entity has rejected the claim); *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007) ("Contract claims fall within the plain meaning of the requirement that 'all claims for money or

damages' be presented to a local public entity"). Plaintiff concedes she has failed to comply with the claims presentation requirement. *See* Opp'n at 4. Thus, as "submission of a claim to a public entity pursuant to section 900 et seq. is a condition precedent to a tort action[,]" Plaintiff's "failure to present the claim bars the action." *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (2004) (internal quotation marks omitted).

Furthermore, the Ninth Circuit has previously held that school districts in California are arms of the state under California's unique system and are thus entitled Eleventh Amendment immunity. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992); *Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1181 (9th Cir. 2003) (discussing California's unique public school system as compared with other states); *see also C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1247-48 (9th Cir. 2015) (citing *Belanger* for its holding that "in California, school districts are state agencies for purposes of Eleventh Amendment immunity"). Plaintiff does not address the District's Eleventh Amendment immunity argument; nor does she contest that immunity bars her claims. Typically, failure to address in an opposition arguments raised in an opening motion, as Plaintiff did here, constitutes waiver or concession of the argument. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (quotation and citations omitted)); *see also Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x 159, 159 (9th Cir. 2012) (district court properly dismissed claims where plaintiff's "opposition to the motion to dismiss failed to respond to [the defendant's] argument").

As Plaintiff has neither alleged facts showing how she may maintain her breach of contract claim, nor demonstrated in her Opposition demonstrating such a claim is viable, the Court accordingly dismisses Plaintiff's breach of contract claim with prejudice.

**B.  ADA and Rehabilitation Act Claims**

Plaintiff's ADA and Rehabilitation Act claims must likewise be dismissed for failure to allege plausible facts supporting these claims. To state a claim for retaliation under the ADA, a plaintiff must "make out a prima facie case (a) that he or she was engaged in protected activity, (b)

that he or she suffered an adverse action, and (c) that there was a causal link between the two." *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (adopting Title VII's framework for ADA retaliation claims). Similarly, "[t]he Ninth Circuit has held that a retaliation claim brought under the Rehabilitation Act requires a plaintiff to show: '(1) involvement in a protected activity, (2) an adverse [] action and (3) a causal link between the two.'" *Kitchen v. Lodi Unified Sch. Dist.*, 2014 WL 5817320, at *4 (E.D. Cal. Nov. 5, 2014)[3] (quoting *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004)) (quotation and internal marks omitted).

First, even assuming Plaintiff engaged in a protected activity,[4] she has not plausibly alleged a causal link between that activity and suffering an adverse action. As the District asserts, both Plaintiff's ADA and Rehabilitation Act claims are derivative of the breach of contract claim and generally contend the District's failure to timely pay was in retaliation for the advocacy of her son in the underlying due process action. *See* FAC ¶¶ 32, 33 (alleging the District had "no reason to believe that its refusal to comply with the settlement agreement terms was reasonable," and that it "took the actions it did with the intent to discourage both Plaintiff's advocacy for her son and her retention of counsel for that advocacy."). But Plaintiff does not allege facts supporting a retaliation theory; in fact, Plaintiff's allegations about the parties' Settlement Agreement and subsequent disputes related to that agreement clarify the reasons for the District's delay—none of which involve retaliation. *See* Mot. at 16. Among other things, the FAC pleads the District had reasons for the delay in payment, including that it thought Ms. Whiteleather's billing rate, which was over $450 per hour, was unreasonable and that her travel expenses should not be reimbursed

---

[3] The Rehabilitation Act contains no anti-retaliation provision of its own. Instead, it "incorporates the ADA's anti-retaliation provision, 42 U.S.C. § 12203." *Kitchen*, 2014 WL 5817320, at *4 n.1 (citing *McCoy v. Dep't of Army*, 789 F. Supp. 2d 1221, 1234 (E.D. Cal. 2011)). Accordingly, courts "draw[] . . . from the case law and requirements of that section, which provides that '[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.'" *Id.* (quoting 42 U.S.C. § 12203(a)).

[4] The District challenges this contention. *See* Mot. at 12-13, 15-16.

at the amount she claimed.  *See* FAC ¶ 15.  The Settlement Agreement also facially allows for such disputes as to the reasonableness of those fees: the District was only required to reimburse "reasonable" attorney's fees, "[i]n an amount *not to exceed* eighteen thousand dollars." *Id.* ¶ 11 (emphasis added).

Second, there is no indication Plaintiff suffered an adverse action sufficient to state a retaliation claim.  Not every action a defendant takes that affects a plaintiff who has engaged in protected activity constitutes adverse action. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).  Rather, an adverse action is one that is "reasonably likely to deter [individuals] from engaging in protected activity." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004) (ADA employment retaliation case) (quotation marks omitted).  "[O]nly non-trivial . . . actions that would deter reasonable [individuals] from complaining . . . will constitute actionable retaliation." *Brooks*, 229 F.3d at 917; *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) (concluding that, in a Title VII employment retaliation case, a cognizable adverse action is one that "must be harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination"); *Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2004) (an adverse action is one that is "reasonably likely to deter the charging party or others from engaging in protected activity" (quotation marks omitted)).

The District notes the only alleged adverse action taken by the District was that it "failed to pay Plaintiff's attorney for a period of less than two months, based on the District's contract dispute with the attorney over the amount of fees she was entitled to under the settlement agreement."  Mot. at 14 (citing FAC ¶¶ 13, 24); *see also* FAC ¶ 15.  Even if as Plaintiff alleges she was obligated to pay her attorney her fees not paid by the District during the brief delay (*see* FAC ¶¶ 21, 26, 37), as the District argues "presumably once full payment was made by the District, Plaintiff was reimbursed for this expense by her attorney" and "[t]here is no allegation that the District knew about Plaintiff's fee arrangement with her attorney, or intended to deprive her of any financial resources" so as to constitute "an objectively and materially adverse action[.]"  Mot. at 14.  While Plaintiff argues the District's actions "were done with intent to dissuade Plaintiff - and thus other parents who might similarly advocate for their children from so doing - and to

intimidate her from further advocacy for her disabled son" (Opp'n at 7), the FAC does not contain plausible or objectively reasonable allegations that either Plaintiff or others would be dissuaded from advocating for their children as a result of the District's delay and conduct in this case. Finally, as to the costs Plaintiff seeks to recover in filing this lawsuit, the District points out that "this is not adverse action meted out by the District; the decision to pursue this case and incur additional attorneys' fees was entirely [Plaintiff's] own." Mot. at 14. The Court agrees in under these circumstances, particularly as the District paid the full attorney's amount before it was served with the initial Complaint.[5]

In sum, the FAC fails to state a claim under either the Rehabilitation Act or the ADA.

### C. No Leave to Amend

Plaintiff has not indicated she has any additional relevant facts to add to her Complaint that could cure the defects with her claims. *See* Opp'n at 10. As granting Plaintiff leave to amend would be futile, the Court finds no grounds to do so.

## CONCLUSION

Based on the foregoing analysis, the Court **GRANTS** the District's Motion to Dismiss and **DISMISSES** this action **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: December 8, 2016

MARIA-ELENA JAMES
United States Magistrate Judge

---

[5] Moreover, Plaintiff's initial complaint did not assert a federal question, 28 U.S.C. § 1331, and the amount in controversy alleged was well under the required $75,000 minimum, 28 U.S.C. § 1332.